IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HSIU CHEN LIN, | ) | Case No. 4:26-cv-0842 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| WARDEN OF MAHONING COUNTY JAIL, | ) | |
| *et al.,* | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Respondents. | ) | |

On April 9, 2026, Hsiu Chen Lin ("Petitioner") filed a petition for writ of habeas corpus by a person in federal Immigration and Customs Enforcement ("ICE") detention. ECF 1. The Petition named the Warden of Mahoning County Jail, Marty C. Raybon, Todd Lyons, Acting Director of ICE, and Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"), as her custodians (collectively, "Respondents"). Petitioner has been in ICE detention since March 19, 2026, and is presently detained at the Mahoning County Jail. *Id.* She now moves this Court to order her immediate release from detention, or, in the alternative, order a bond hearing at which the Government must prove by clear and convincing evidence that her continued detention is necessary, arguing that her detention has become prolonged and therefore violates her due process rights.[1] *Id.* at 6-7. Respondents assert that because Petitioner is a participant in the

---

[1] Petitioner also states that she is being subjected to mandatory detention under 8 U.S.C. § 1226(a). However, this statute is not a mandatory detention statute, but rather a discretionary detention statute. *See, e.g.*, *Reyes Rodriguez v. Greene*, No. 4:26-cv-0333, 2026 WL 574961, at **9-11 (analyzing the distinction in applicability between 8 U.S.C. §§ 1225(b)(2) and 1226(a)). As discussed herein, Petitioner was served with a Final Administrative Removal Order the same day she was detained. ECF 7, at 4. Accordingly, section 1226(a)—which governs detention prior to a final order of removal—is not applicable, and Petitioner is being detained under section 1231(a)(2)—which governs detention after a final order of removal is issued.

Visa Waiver Program ("VWP")—something Petitioner concedes, ECF 1, at 6—she has waived her right to contest her removal other than on the basis of asylum and is thus lawfully detained pursuant to 8 U.S.C. § 1231. ECF 7, at 1.

For the reasons discussed below, the Court DENIES the Petition.

## I.   FACTUAL BACKGROUND[2]

Petitioner Hsiu Chen Lin is a Chinese National and citizen of Taiwan. ECF 7-1, at 1. She entered the United States on July 27, 2019, at or near Los Angeles, California. *Id.* at 3. Petitioner arrived via the VWP, which authorized her to remain in the United States until October 23, 2019. *Id.* at 2-3. While Petitioner has remained in the United States continuously since then, her stay here has been complicated. Shortly after her arrival, on September 26, 2019, Petitioner was arrested for prostitution in Wichita Falls, Texas. *Id.* at 3. Petitioner was also arrested on prostitution-related charges near Bayonne, New Jersey, on February 7, 2024. *Id.* In both cases, the charges are still pending. *See id.* (noting that the Wichita Falls warrant "is in state and [the police] will not extradite as it is an in state pick up only," and that the Bayonne "charges are pending"). In between these arrests, Petitioner filed a form I-589, also known as an application for asylum, on December 27, 2022. *Id.* This application remains pending as of the date of this Order. *See generally* ECF 8.

Eventually, Petitioner came to the attention of Cleveland ICE on March 19, 2026, when she was arrested again for prostitution in Middleburg Heights, Ohio. *Id.* That same day, DHS issued an administrative warrant for the arrest of Petitioner, and she was taken into ICE custody that day. ECF 7-2, at 10-11. Also, that same day, DHS issued Petitioner a Notice of Intent to Issue

---

[2] Neither the Petition nor Petitioner's premature reply, ECF 5, address the factual background of this case. Petitioner also did not file a timely reply to Respondents' Return of Writ, ECF 7, or Supplemental Filing, ECF 8. Accordingly, Respondents' recitation of the relevant factual background is largely uncontested. As previously noted, Petitioner admits that she is a participant in the VWP, which, as discussed *infra*, guides the bulk of the analysis in this matter. Thus, for the purposes of contextualizing the Petition and this Order, the Court accepts Respondents' recitation of the underlying facts.

a Final Administrative Removal Order, having determined that Petitioner entered the United States under the VWP and had remained past the temporary period without authorization. *Id.* at 7. Petitioner admitted to the allegation that she had violated the terms of the VWP, but requested asylum, withholding, or deferral of removal. *Id.* at 8. DHS issued Petitioner a Final Administrative Removal Order, ordering her to be removed to Taiwan, due to her violation of the VWP shortly thereafter. *Id.* at 6.

In accordance with the applicable regulation, DHS referred Petitioner to the Cleveland Immigration Court for a determination on her asylum application. *Id.* at 2-3; *see also* 8 C.F.R. § 208.2(c). Petitioner is currently detained in Mahoning County Jail. ECF 1, at 1.

## II.  PROCEDURAL BACKGROUND

Petitioner, proceeding *pro se*, filed the Petition on April 9, 2026. Therein, she alleges that her detention is unlawful under the Immigration and Nationality Act ("INA"), *see supra* note 1, and the Fifth Amendment Due Process Clause. ECF 1, at 6. She further asserts that she is "not a danger, not a flight risk, and has strong family [ties]." *Id.* Simultaneously, Petitioner also filed a motion for a Temporary Restraining Order ("TRO"), asking that the Court restrain Respondents from deporting her or transferring her outside of the district while her habeas case is pending. The TRO motion also requested that the Court set the Petition for an expedited briefing schedule on the merits. ECF 2.

That same day, the Court issued an order granting in part and denying in part the TRO motion. ECF 4. The Court restrained Respondents from "transferring Petitioner outside of this district, pending the consideration of all claims before the Court." *Id.* at 2. However, the Court could not set a briefing schedule at that time, "because the habeas petition lacks some of the necessary information to properly adjudicate Petitioner's claim." *Id.* There was also at least one contradiction between the Petition and the TRO motion regarding the length of time Petitioner has

3

been in ICE detention. *Id.* Therefore, the Court ordered Petitioner to file a supplement with certain additional information and clarifying her detention timeline by April 27, 2026. *Id.* Once the supplement was received, the Court would set a briefing schedule for the merits of the Petition.

Petitioner filed another brief on April 22, 2026, stylized as a "Reply to Respondents' Return," despite Respondents not having filed anything on the docket. ECF 5. This premature Reply contained basic assertions that Respondents had not justified her detention under either 8 U.S.C. §§ 1226(a) or 1231, including that they failed to provide any documentation of a Final Order of Removal and that they are prepared to effectuate that order in the reasonable future. *Id.* Notably, the Reply does not contain any of the information the Court ordered Petitioner to provide. At this time, Petitioner had also not filed any proof of service as to any Respondent.

However, acknowledging that Petitioner is a *pro se* detainee and in the interests of justice, the Court proceeded to set a briefing schedule the next day. ECF 6. In accordance with that briefing schedule, Respondents filed a Return of Writ on May 13, 2026. ECF 7. Therein, Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231 because she has a final order of removal already. Further, they argue that, because Petitioner entered the United States specifically under the VWP, she has waived any right to contest removal. *See also* 8 U.S.C. § 1187(c)(2)(E). In any event, Respondents argue that Petitioner's current detention does not violate due process protections.

Petitioner's Traverse of Writ was due May 27, 2026. As of the date of this Order, no Traverse has been received by the Court. Additionally, Petitioner has not filed any proof of service, despite being order to perfect service on Respondents as soon as possible.[3]

---

[3] While Petitioner has not perfected service, it should be noted that Petitioner has, at least, attempted to properly serve Respondents. Shortly after the Court's order, Petitioner mailed a proposed summons and U.S. Marshals form that had all four respondents populated on a single summons. The Clerk of the Court responded via U.S. mail, explaining that each summons must have one respondent's name on it and including four blank summonses for Petitioner to complete.

4

### III. LEGAL STANDARD

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.' " *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). The fundamental protections of habeas corpus also apply in the immigration context. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Indeed, the Supreme Court observed:

> It is well established that certain constitutional protections available to persons inside the United States are unavailable to aliens outside of our geographic borders. But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all "persons" within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.

*Id.*, 693 (citations omitted).

While the district courts' habeas powers are somewhat limited in the immigration context, *see Hamama v. Adducci*, 912 F.3d 869, 876 (6th Cir. 2018) ("Congress stripped the courts of jurisdiction to grant habeas relief" for challenges to removal orders), "[f]ederal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal," *Jiang Lu v. U.S. ICE*, 22 F.Supp.3d 839, 841 (N.D. Ohio 2014) (citing *Demore v. Kim*, 538 U.S. 510, 517–18 (2003)).

### IV. ANALYSIS

The VWP allows most citizens or nations of participating countries to travel to the United States for tourism or business without a visa, provided their stay is ninety days or fewer. 8 U.S.C. § 1187(a). In exchange for relaxing the visa requirement for these individuals, participants agree to waive any right, *inter alia*, "to contest, other than on the basis of an application for asylum, any

action for removal of the alien." *Id.* § (b)(2). Petitioner admits that she entered the country under the VWP and states that she has "lived in New York for almost several years," thereby conceding that she has violated the terms of the VWP. ECF 1, at 6. When DHS determined this while detaining Petitioner, they appropriately issued her a Final Administrative Removal Order. ECF 7-2, at 6.

Though DHS regulations prevent an individual from being deported or removed before a decision is rendered on their asylum application, *see* 8 C.F.R. § 1208.5(a), this is not the same as a court or immigration judge staying that final order of removal. Petitioner's Final Administrative Removal Order is still in effect, even while her asylum-only proceedings play out. Thus, her detention is governed by 8 U.S.C. § 1231(a). This statute ordinarily requires Respondents to remove the individual within ninety days. *Id.* However, an individual may be detained beyond that initial ninety-day period, provided that detention is limited "to a period reasonably necessary to bring about the alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. The Supreme Court has held that post-removal detention for six months is "presumptively reasonable." *Id.* at 701.

Here, Petitioner has been in detention since March 19, 2026—a period of ninety-eight days as of the issuance of this Order. Though this is longer than the initial post-removal detention period contemplated by Section 1231(a), it is still within the "presumptively reasonable" six-month detention period. Contrary to Respondents' argument, though, this does not prevent Petitioner from filing a habeas petition sooner than the six-month mark. *See* ECF 7, at 7. Indeed, it is axiomatic that a presumption is not an absolute bar, but something that may be rebutted by sufficient evidence. It does, however, require Petitioner to bear the burden of proving her continued detention is unlawful. *See Wang v. Bondi*, Case No. 1:26-cv-0821, 2026 WL 1113519, at *3 & n.2 (W.D. Mich. Apr. 24, 2026) (observing that "[a]t no point did the Court in *Zadvydas* imply—contrary to

Respondent's arguments—that a detainee may not challenge post-removal detention prior to the expiration of the six months" and collecting cases holding the same, before discussing petitioner's burden).

Specifically, Petitioner must demonstrate that her removal is not reasonably foreseeable even before the six months have run, such that her continued detention violates due process. *Id.* But Petitioner has offered no evidence to this effect. In fact, her removal is being held in abeyance because her asylum application is still being adjudicated. *See* 8 C.F.R. § 1208.5(a). Absent any evidence that her asylum proceedings are being improperly dragged out by DHS, this delay in removal (and subsequent continued detention) is a situation of Petitioner's own making. And since Petitioner cannot make such a showing—indeed, Respondents have represented that Petitioner had a hearing on her asylum application scheduled for June 17, 2026, *see* ECF 8-2—she necessarily fails to rebut the presumption that her continued detention is reasonable.

## V.  CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the Petition.

**IT IS SO ORDERED.**


Dated: June 25, 2026

*s/Dan Aaron Polster*
United States District Judge

7